## WIGLEY et al. v. BUZZARD et al.

### No. 13853.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 20, 1939.

Rehearing Denied Feb. 17, 1939.

E. W. Napier, of Wichita Falls, for appellants.

John C. Murphree, of Iowa Park, and Bonner, King, Dawson & Jones, of Wichita Falls, for appellees.

BROWN, Justice.

In 1925, H. A. Wigley died, leaving a widow, Mrs. Maggie Wigley, and several children. On August 31st, 1925, the widow duly qualified as community survivor. The estate consisted in a tract of 160 acres of land in Wichita County. There was a debt against the premises of $1,100, representing the purchase price, and on the 27th day of February, 1927, this debt was refinanced through the Federal Land Bank of Houston, with semi-annual payments of $25.74. The property was being rented

for $160 per year, which sum amply cared for the annual installments due thereon.

Jeff Wigley, one of the surviving sons, lived in the State of California, and on the 21st day of August, 1936—some eleven years after H. A. Wigley's death—Jeff Wigley came to the home of his mother and procured from her a deed to the farm. The deed was simply executed by Mrs. Wigley individually. The consideration recited is but $1 paid. At that time the debt against the property amounted to $984.24, and no payment was due on same until November, 1936.

On the 4th day of January, 1938, Jeff Wigley came back to his mother's home and procured from her a second deed, executed by her individually and ·as community survivor. It appears to be a correction deed, and the consideration recited is the cash paid by Jeff Wigley when the first deed was executed and the assumption of the indebtedness against the lands, due the said bank. This deed recites: "Whereas through inadvertence of the scrivener said deed (the first) contained certain errors and did not truly express the transaction between the parties, therefore, etc."

The day after the execution of this last deed, Jeff Wigley executed an oil and gas lease on the premises to S. T. Buzzard. It was admitted by Jeff Wigley that he obtained $3,200 in cash for this lease.

Mrs. Maggie Wigley was an aged woman, at least eighty years of age, when she executed the first deed.

This suit was brought by the surviving children, in their own right, and alleging that same is also brought for Mrs. Maggie Wigley, through her next friend—one of the sons—against Jeff Wigley, S. T. Buzzard and Herman Mitchell and F. E. Hill; Mitchell and Hill being interested directly in the aforesaid lease.

The suit is brought to set aside the two deeds executed by Mrs. Wigley to Jeff Wigley, on the theory that the grantor was of unsound mind when she executed these deeds.

The cause was tried to a jury and a verdict was returned finding that Mrs. Maggie Wigley was of unsound mind when she executed the two said deeds.

The trial court rendered judgment notwithstanding the verdict, in favor of the defendants below. Hence the appeal.·

We shall designate the parties as appellants and appellees, for convenience.

It is appellees' contention that there is no testimony, or evidence, of probative force to sustain the giving of the two issues touching the mental condition of Mrs. Maggie Wigley, or the answers returned by the jury. If this contention is correct, the judgment, on such theory, should stand.

We are not unmindful of the rule that restricts the testimony of non-expert witnesses on the issue of whether or not a person is mentally unsound, but such rule is not to be construed so strictly that it is made to appear wholly unreasonable.

In 24 Tex.Jur., Sect. 42, page 425, we find the following language: "A witness need not be an expert in mental diseases in order to be competent to express an opinion, based on personal observation, as to the mental condition of another. On the contrary, it is well settled that an ordinary witness may, after having given a description of the acts, words and demeanor of the person whose mental condition is an issue, state his conclusion as to the sanity or insanity of such person."

Among the facts detailed by the witnesses, who testified concerning the mental condition of Mrs. Wigley, were: That when reading books and magazines, the old lady would tear out each sheet as she finished it; that she was laboring under the belief that she was about to lose the farm, on account of the debt against it, when, in fact, she was in no danger of such thing; that she was very feeble (she was too ill to attend the trial) and was over 80 years of age when she executed the deeds; that she had told one of the sons several different stories about the transaction with Jeff; that she acted strangely; that it is difficult for her to understand what is told her.

We cannot say that there is no evidence of probative force tending to show mental incapacity on the part of Mrs. Wigley.

When we consider this testimony, in connection with the fact that this deed was made to a son, who lived in the State of California, and not to one of the children who lived near her, and saw her often; that no consideration was paid by him when the deed was taken; that at a time when he evidently had an opportunity to lease the lands for a cash consideration of more than three times the debt against it, he came back to obtain a so-called "cor-

rection deed", which was drawn so as to have his mother execute same individually and as community survivor; that this deed recites, in substance, that it is executed because the former deed "contained certain errors and did not truly express the transaction between the parties", and the new deed only showing a further consideration of the assumption by Jeff Wigley of the balance of the · indebtedness against the lands, which assumption in nowise relieved the estate, or Mrs. Wigley, of the debt, and the fact that no part of the debt was due and unpaid, and the cash rentals were ample to care for all payments, and the further fact that, despite the careful wording of the "correction deed", which was purportedly executed to then show the true transaction between the parties, Jeff Wigley testified to some agreement with his mother whereby he was to pay her so much cash every year, which was an effort to show some substantial cash consideration moving to his mother, all of which was not incorporated in the correction deed, and the further fact that immediately upon receipt of the correction deed, Jeff Wigley leased the premises for a cash consideration of more than three times the debt against it—all tend to establish in our minds an overreaching on the part of Jeff Wigley, and a lack of mental capacity on the part of his mother.

■ We cannot agree with appellees on the proposition that in order to recover in this suit, appellants must allege and show a desire to do equity. They were not grantors and no such duty devolved upon them. If their contention be correct, they have been defrauded and they are under no obligation to account to Jeff Wigley for anything. Whatever he parted with, by reason of the transaction, is a matter that does not concern his brothers and sisters who have suffered loss because of his acts.

If he is to be made whole by any party to this matter, he must look to his mother and her interest for such relief. But the facts show that he has obtained $3,200 cash out of the transaction and in balancing the equities between him and his mother, he will find himself the debtor.

Appellants urge us to reverse and remand this cause and we have concluded to do so, to the end that a better record may be made on another trial.

The trial court erred in rendering judgment notwithstanding the verdict.

There is yet another reason why the case should be reversed.

■ Appellants sought a continuance because of the absence of Mrs. Maggie Wigley. She was ill, feeble and unable to attend the trial. We consider her the most important witness in this case. We think the court and jury should see her and hear her testify. If she gives the appearance of one mentally capable of knowing the extent, purpose and consequence of her acts, the appellees have nothing to fear.

The overruling of the motion for a continuance on account of the absence of Mrs. Maggie Wigley, was error.

For the reasons given the judgment of the trial court is reversed and the cause is remanded.