FLORENCE CHAMBERS ET AL V. DELLA WINN ET VIR.

No. 7685.  Decided July 16, 1941.
Rehearing overruled October 8, 1941.
(154 S. W., 2d Series, 454.)

*Berry, Warlick & Bunnenberg,* of Vernon, and *T. H. Yarbrough,* of Bowie, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the trial court acted properly in premptorily instructing a verdict for the defendants and in entering judgment for them notwithstanding the testimony of plaintiffs' witnesses to the effect

that deceased was of unsound mind at the time of the making of his will, and that the will itself showed a most unnatural disposition of his property, in that the testator entirely ignored his own family and left his property to a person altogether unrelated to him and for whom he was not shown to have entertained any obligations of affection or duty. Small v. Taylor, 54 S. W. (2d) 151; Missouri, K. & T. Ry. Co. v. Gilcrease, 187 S. W. 714; 44 Tex. Jur., 582.

*Donald & Donald* and *Benson & Benson,* all of Bowie, for defendant in error.

The will having been probated and this being a direct suit to set aside such probating the burden was upon plaintiff to introduce evidence showing testator's mental incapacity to make a will, and the testimony which was introduced by the witness Raten having been withdrawn, and the other evidence relating thereto was regarding trivial matters and immaterial, it was not error for the court to instruct a verdict for defendants. Duckels v. Dougherty, 226 S. W. 720; Payne v. Chance, 4 S. W. (2d) 328; 24 Tex. Jur. 432.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This case involves a contest of the will of J. B. Turner which was probated in September, 1934, in the County Court of Montague County. Following the probate, suit was filed in the county court to set aside the will and the probate thereof on the grounds, among others, that if he made the will he was unduly influenced to do so by the defendant, Mrs. Della Winn; and that "he was not of sound memory, or in any respect capable of making a will."

Upon trial in the county court judgment was rendered denying the contest and declaring that the will had been properly admitted to probate. The cause was heard de novo in the district court and upon conclusion of the evidence a verdict was instructed by the court in favor of defendants and judgment was rendered for them accordingly. The Court of Civil Appeals affirmed the judgment. 133 S. W. (2d) 279. Writ of error was granted upon the ground, generally speaking, that the evidence raised the issue of whether the testator was capable of making a will, and that the Court of Civil Appeals erred in affirming the judgment rendered upon an instructed

verdict. There is no issue here under the present record with respect to the other grounds upon which the will was attacked and they need not be further referred to.

Whether there was any probative evidence of incapacity on the part of J. B. Turner to make a will is the sole question presented. Stated another way, is the evidence so conclusive that he was not lacking in mental capacity to make his will that reasonable minds would not differ upon that question? Unless it is, the trial court erred in not permitting the jury to pass upon it and the Court of Civil Appeals was in error in affirming the judgment. We are not dealing here, it will be noted, with a question of insufficiency, which is within the exclusive province of the Court of Civil Appeals, but with whether there is in the record any probative evidence upon the question presented.

1   The courts below failed, in the present case, to observe the distinction between evidence bearing upon the mental condition of the testator and that bearing upon his legal capacity to make a will. Brown v. Mitchell et al, 88 Texas 350, 31 S. W. 621; Pickering v. Harris (Com. App.), 23 S. W. (2d) 316; McCormick & Ray on Evidence, p. 806, sec. 637. The rule applicable as to the relevancy and probative character of the testimony stated in Campbell v. Campbell, (wr. ref.), 215 S. W. 134, and predicated upon its more general pronouncement in Brown v. Mitchel et al, is as follows:

"We understand the rule to be that witnesses, whether experts or laymen, may, having first stated their observations or knowledge of the habits, conduct, expressions, peculiarities, disposition, temper, or character of the person, in turn may give their opinion as to whether he was mentally capable of knowing or understanding the nature and effect of his acts, etc., as distinguished from his opinion as to whether the testator possessed the degree of intelligence to do what he did do."

There was much controversy upon trial in the district court over the admissibility of evidence. Without segregation of the testimony admitted from that improperly rejected under the above rule, it may be briefly summarized as follows, stated most favorably to plaintiffs:

The testator was about 66 years old when he died in September 1934. His nearest relatives at that time were a brother, a sister and a half sister. The brother assigned to his sister,

Mrs. Florence Chambers, all right, title and interest he might have in any property that belonged to the testator. She and her half sister, Mrs. Dora Jones, then filed this suit.

The testator's wife predeceased him about two years. He made his will in June of the year preceding his death in September 1934. From the time he had what a near neighbor called a "spell" shortly before his wife died, he was ill and underwent a change both physically and mentally. A little more than a year before his death he bequeathed all of his property to Mrs. Della Winn to whom he was not related. He had her and her husband to move into his home a few months after his wife died and they were living with him at the time of his death. It appears that the relationship between the testator and his brother and sisters had always been friendly. There was testimony of a noticeable change in the testator's condition after he became ill, and that after the time he had the spell referred to he was not just right and acted peculiarly. There was testimony that he lost weight after his illness began and looked all the time as if under a strain; that he had high blood pressure and Bright's disease; that when in conversation about his friends he would cry; that he had hardly any memory at all; that his conversations were rambling; that he would start on one subject and, without finishing it, change to another and that he acted like a small child.

Several witnesses would have testified in connection with their testimony, similar in character to that pointed out above, had they been permitted to do so, that the testator, at or near the time he made his will, was of unsound mind. A careful reading of the opinion of the Court of Civil Appeals, reference to which is here made in the interest of brevity, will disclose that the testimony set out therein (other than that condemned as hearsay, and the opinion evidence as to testator's mental capacity to make a will) is admissible under the holdings of the authorities above cited; and, in view of another trial, need not be referred to further than to say it is admissible as tending to show the mental condition and testamentary capacity of the testator at the time he made his will.

**2**  Plaintiffs having introduced evidence sufficient to raise an issue as to testator's mental incapacity to make the will in question, and to support a finding thereon, were entitled to have it submitted. See in this connection, in addition to the

authorities cited, Mills v. Kellahin, 91 S. W. (2d) 1097 and Oglesby v. Harris, 130 S. W. (2d) 449.

As the evidence pointed out constitutes more than a mere scintilla the trial court erred in taking the case from the jury and the Court of Civil Appeals erred in affirming the judgment.

In view of another trial it should be stated that since this suit to annul the probate of a will already probated, the burden is upon plaintiffs to establish by a preponderance of the evidence at least one of the grounds upon which they seek to set aside the probate. Long v. Long, 133 Texas 623. 125 S. W. (2d) 1034.

The judgments below are reversed and the cause is remanded.

Opinion adopted by the Supreme Court July 16, 1941.

Rehearing overruled October 8, 1941.