## PRYOR et al. v. AWBREY et al.

### No. 14417.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 2, 1942.

Rehearing Denied Nov. 6, 1942.

T. H. Yarbrough, of Bowie, and H. M. Muse, of Wichita Falls, for appellants.

Donald & Donald, Joe H. Cleveland, and Benson & Benson, all of Bowie, for appellees.

McDONALD, Chief Justice.

This suit grew out of the conveyance of 400 acres of land, lying in Montague County, from M. W. Awbrey and wife to their daughter Alba Pryor and her husband John A. Pryor. The grantors are now deceased. After certain changes in the parties which are not material here, all of the heirs of Mr. and Mrs. Awbrey, other than Mrs. Pryor, were seeking as plaintiffs to set aside the conveyance. Among other grounds alleged therefor were that the grantors were of unsound mind, and also that the Pryors had failed to keep the provision in the deed obligating them to support the grantors and that the Pryors had no intention of doing so when the deed was executed. The grounds just mentioned were the only ones submitted to the jury, and are the only ones which need be considered here.

The jury found that the Awbreys were of unsound mind, and that the Pryors had not supported the Awbreys and had no intention of so doing when the deed was executed.

The trial court rendered judgment upon the verdict, canceling the deed, and vesting the title in all the heirs, including Mrs. Pryor, determining the undivided interest to which each was entitled. Mr. and Mrs. Pryor have appealed, predicating their appeal upon ten points of error.

Under their first point appellants urge that their motion for judgment non obstante veredicto should have been granted, upon the ground that, to quote the point, "the appellees failed to establish the incompetence of M. W. Awbrey and M. M. Awbrey to execute the deed in question,

by a preponderance of competent testimony, and failed to establish, by a preponderance of competent testimony, the exercise of undue influence on the grantors in said deed".

Appellees contend that we should not consider this point, upon the ground that the transcript does not show notice of the motion served upon appellees. But the transcript does contain an order of the court, overruling the motion, which recites the fact of notice. This is a sufficient showing in the transcript. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

There being no jury finding of undue influence, and the judgment not appearing to be based upon that pleaded ground of recovery, the issue of undue influence is not before us.

The evidence covers 399 pages of the statement of facts. To review in detail all of this testimony would result in an opinion of unreasonable length. Numerous witnesses appeared, testifying that they had known the Awbreys. They undertook to describe their appearance, words and actions. Some of the witnesses were of opinion that the Awbreys were of unsound mind, some to the contrary. There was testimony to the effect that the Awbreys, at the time of the execution of the deed, were about eighty years of age, that they had a glassy look in their eyes, that they would wander about the countryside, that they would sit upon the ground and mumble to themselves, that they could not carry on a connected conversation, that Mrs. Awbrey would go to the homes of neighbors, get something to eat in the kitchen, and then go to bed, sometimes without saying anything to those present, that Mr. Awbrey would sometimes dance a jig in public, and would engage in frequent religious discussions.

Appellants' point does not present the correct test in urging that plaintiffs failed to prove mental incompetence by a preponderance of the evidence. In determining whether judgment should have been rendered notwithstanding the verdict, we are governed by the rule, so often stated that it is no longer necessary to cite authority therefor, requiring us to consider only the evidence tending to support the verdict, and to disregard all other evidence to the contrary.

In the case of Chambers v. Winn, Tex.Civ.App. 133 S.W.2d 279, this court had before it a situation somewhat similar to that now before us. Much of the testimony is reviewed in the opinion. This court held that the facts detailed by the witnesses, upon which they based their opinions of insanity, did not reasonably tend to support such opinions. The Commission of Appeals, in an opinion adopted by the Supreme Court, reversed the judgment of this court, holding that the evidence was sufficient to raise the issue as to the mental capacity of the person involved. Chambers v. Winn, 137 Tex. 444, 154 S.W.2d 454. In view of the authority just cited, we feel compelled to hold that the evidence in the present case was sufficient to support the verdict. See also Bowie Sewerage Co. v. Chandler, Tex. Civ.App., 138 S.W.2d 585, writ dismissed; and Wigley v. Buzzard, Tex.Civ.App., 124 S.W.2d 898, writ dismissed.

Under their second point appellants assign as error the failure of the trial court to require appellees to join the holder of a lien against the land as a party to the suit. None of the pleadings, of plaintiffs or of defendants, makes any reference to the fact that a lien was outstanding against the land at the time of trial, but from the evidence it appears that such was the case. A part of the recited consideration for the conveyance was the assumption by grantees of an indebtedness against part of the land, which appears thereafter to have been extended by agreement of the Pryors and the lienholder. It further appears that such indebtedness had not been paid at the time of trial.

Appellants argue that they were personally liable for the payment of the indebtedness by reason of their assumption of it and the later renewal of it. The judgment makes no provision for relieving them of such personal liability. Appellants contend that the plaintiffs were obliged to do equity, before being entitled to a cancellation of the deed, by way of offering to indemnify appellants against the personal liability mentioned, and that such could not be done without making the holder of the indebtedness a party to the suit. Appellants cite Boles v. Aldridge, Tex.Civ.App., 153 S.W. 373; Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R. A.,N.S., 672; Hix v. Armstrong, Tex.Civ. App., 108 S.W. 797; Dial v. Martin, Tex. Civ.App., 8 S.W.2d 241, writ dismissed; and 7 Tex.Jur. 972. The cited holding in Boles v. Aldridge, by the Court of Civil

Appeals, was reversed by the Supreme Court, and therefore is not of much value. Boles v. Aldridge, 107 Tex. 209, 175 S.W. 1052. We are not able to see that the holding in Hill v. Hoeldtke is in point upon the question of parties presented by appellants' second point. Nor do we see that Hix v. Armstrong necessarily is in point upon such question. Dial v. Martin simply holds that all parties to a deed, contract or writing must be made parties, either plaintiffs or defendant, in an action for rescission or cancellation of the instrument. The Texas Jurisprudence citation is to the same effect.

In the case before us no mention is made by any of the parties, either in their pleadings or in their briefs, of Article 5561a, Sect. 7, Vernon's Ann.Civ.St., which is as follows: "A contract valid on its face, made with, or likewise a conveyance made by a person, who at the time has not been legally adjudged to be of unsound mind, or otherwise incompetent, and who is subsequently shown to have been insane, or otherwise incompetent, at the time of the execution of such contract or conveyance, shall not be set aside or avoided where any such contract or conveyance has been executed in good faith in whole or in part, and was entered into in good faith and without fraud or imposition and for a valuable consideration, without notice of such infirmity, unless the parties to such contract or conveyance shall have been first equitably restored to their original position. The provisions of this Article shall not apply in cases where one of the parties to any such contract or conveyance is insane, and has been so adjudged by a court of competent jurisdiction prior to the date of such contract or conveyance."

■ We have found no decision determining whether the burden, under this statute, is upon the plaintiff to negative the good faith of the grantee, or upon the grantee to establish his good faith. We incline to the view that the wording of the statute is such as to place the burden upon the defendant to establish his good faith, and thus bring himself within the rule requiring that he first be equitably restored to his original position. The defendants here do not appear to have made any effort to plead their good faith, or to obtain jury findings relative thereto.

In Williams v. Sapieha, 94 Tex. 430, 61 S.W. 115, it is held that the contract of a person of unsound mind is voidable, and not void; and that, in the absence of proof that the insane person still had in his possession any of the money paid for the land, or that it had been expended for him or by him in the purchase of necessaries, the plaintiff would not be required to return the consideration. The effect of the holding, to our minds, is to cast the burden of proving such facts upon the defendant.

In Donaldson v. Meyer, Tex.Com.App., 261 S.W. 369, suit was brought to set aside a deed, and certain other instruments, upon the alleged ground of insanity of the grantor. It was there held that the relief to be accorded to the defendant was limited to a return of the money still in the hands of the insane grantor and the amount which had been expended for necessaries for him, and that the burden was upon the grantee to show how much of the money had been expended for necessaries. Reference is made to the other decisions there cited as authority for such holding, and also to the following Courts of Civil Appeals decisions: Rowan v. Hodges, 175 S.W. 847; Shaw v. Gillespie, 270 S.W. 1043, writ dismissed.

■ The rights of the lienholder are not affected by this suit, he not being a party thereto. Security State Bank v. Merritt, Tex.Civ.App., 237 S.W. 990. Defendants waived whatever right they may have had to an adjustment of equities in this suit with reference to the indebtedness which they had assumed by not pleading and proving their right thereto. We of course express no opinion as to the rights of the lienholder, since the questions relating to that feature of the transactions are not before us.

We overrule the contention made under the second point.

■ Although no mention is made of the matter in the pleadings of the parties, it appears from the evidence that one W. E. Scott, Jr., at one time joined in the execution of an oil lease on this land. The allegations of the pleadings of both plaintiffs and defendants negative any idea that Scott owns any interest in the land. Appellants urge, under their third point, that it was fatal error not to join him as a party. Since he is not shown to own any interest in the land, and since both parties appear to take the position that, among them, they own the entire interest in the land save for an outstanding oil and gas lease which all parties recognize as

valid, we find no error in the fact that Scott is not a party to the suit. The mere fact that he joined in the execution of the lease, in view of the remainder of the record and of the positions taken by both parties as to the ownership of the land, is not enough to show that he was a necessary party to this suit.

Appellants' fourth point reads as follows: "Fourth Point: The error of the Court in rendering judgment for the appellees for the cancellation of the deed in question, which was absolute on its face, for failure of consideration, when, if anything is shown in the record on the question of failure of consideration, it is a mere failure of grantees to perform certain promises which formed a part of the consideration, which failure gives rise to no right of rescission in grantors, and certainly not in the heirs at law of grantors. Germane to Assignments of Error Nos. 7 and 8."

■ The finding that the grantors were of unsound mind supports the judgment, without reference to the other findings of the jury. This renders unnecessary a consideration of the fourth point.

■ The fifth point charges error with respect to excluding certain evidence which defendants offered to prove what they had expended for the support of the grantors. What has already been said renders it unnecessary to pass upon this question.

■ Under their sixth point appellants argue that the court erred in allowing certain witnesses to testify that in their opinion the grantors were of unsound mind. We overrule this contention, referring again to the holding in Chambers v. Winn, supra, and the other authorities cited in our discussion of the first point of error. We also refer to the discussion in 24 Tex.Jur. pp. 416–432. Appellants especially urge that Dr. Lusk failed to qualify as an expert. In view of the opportunities he had had to observe the grantors, we consider that his opinion was admissible as that of a nonexpert, whether or not his qualifications were sufficient to class him as an expert witness.

The seventh and eighth points again raise the question of the obligation upon the plaintiffs to do equity by restoring defendants to their original status. We do not consider it necessary to add to what we have already said upon this matter.

■ The ninth point charges error, in the admission of testimony of Mrs. Wash Awbrey, wife of one of the plaintiffs, concerning transactions with the deceased, in alleged violation of the provisions of Art. 3716, R.C.S. We overrule the point under authority of Mitchell v. Deane, Tex. Com.App., 10 S.W.2d 717. We do not see that it is necessary to add to what is said in that opinion, and do not feel disposed, as suggested by appellants, to hold contrary to the rule there announced.

The error, if any, charged by the tenth point is rendered immaterial by our holding on the questions relating to the incompetence of the grantors.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

In their brief, and in their argument which accompanies their motion for rehearing, appellants contend that the trial court erred in admitting in evidence a decree of the county court adjudging Mrs. Awbrey to be of unsound mind. We were not required to and did not pass upon this question, for the reason that it was not raised by any of appellants' points of error.

Nor was it necessary for us to pass upon the questions raised by appellants' fourth, fifth and tenth points of error, for the reason that the findings of the jury to the effect that the Awbreys were of unsound mind, which we upheld, were sufficient to support the judgment rendered, without reference to the other findings of the jury.

The motion for rehearing is overruled.