### JONES et al. v. LIND et al.
### No. 9719.

Court of Civil Appeals of Texas. Austin.

May 12, 1948.

Rehearing Denied May 12, 1948.

Frank D. Kerbow, of Austin, for appellant.

Robert B. Thrasher and Wm. Clarke Blalock, both of Austin, for appellee.

RAYMOND GRAY, Justice.

This suit was brought by Dainty Lind and husband, Arthur Lind; Dora Jones and husband, Buck Jones; Joe Davis and Albert Davis, against Mrs. Myrtle Jones and Opal Lea Gossett, seeking to set aside a deed from I. P. Jones to Mrs. Myrtle Jones, and deed from Mrs. Myrtle Jones to Opal Lea Gossett. Dainty Lind and Dora Jones are daughters of I. P. Jones, deceased; Joe Davis and Albert Davis are his grandsons, they being sons of a deceased daughter. Mrs. Myrtle Jones is the surviving wife of I. P. Jones, and Opal Lea Gossett is her niece, but not otherwise related to I. P. Jones.

On December 22, 1943, I. P. Jones and Mrs. Myrtle Jones were married; on February 12, 1944, said I. P. Jones conveyed to Mrs. Myrtle Jones 168 acres of land for a recited consideration of $10 and other good and valuable consideration, for which no lien, either expressed or implied, is retained. I. P. Jones died May 12, 1944, at the age of 81 years. This deed was filed for record May 15, 1944, and on October 19, 1944, Mrs. Myrtle Jones conveyed this 168 acres of land to Opal Lea Gossett for a recited consideration of $10 and "other good and valuable consideration to me in hand paid by Opal Lea Gossett, the receipt of which is hereby acknowledged and confessed, and for the payment of which no lien, either expressed or implied, is retained, and for the further consideration of the natural love and affection which I have for my niece, Opal Lea Gossett."

Plaintiffs allege the deed from I. P. Jones to Mrs. Myrtle Jones was procured by undue influence exercised by Mrs. Jones over I. P. Jones, and further that I. P. Jones was not of sound mind and was not possessed of sufficient mental capacity to execute the deed; that Opal Lea Gossett was not an innocent purchaser for value, and no consideration was paid by her to Myrtle Jones for the 168 acres of land.

The answer of these parties was a plea of not guilty and general denial.

The trial was to a jury and in answer to special issues the jury found: At the date of the deed I. P. Jones did not have mental capacity sufficient to understand he was conveying the land to Myrtle Jones, and to know and understand the nature of the transaction and to execute the said deed. No other issues were submitted. The court entered its judgment canceling the deed from I. P. Jones to Myrtle Jones, and also the deed from Myrtle Jones to Opal Lea Gossett. Myrtle Jones and Opal Lea Gossett filed their motion for new trial, which was overruled, and there is here presented for review the following points:

1. The court erred in rendering judgment against Opal Lea Gossett because plaintiffs failed to prove she was not an innocent purchaser for value; and .

2. The evidence is insufficient to support the verdict of the jury.

We will discuss point 2 ahead of point 1, and since by this point appellants assert the evidence is not sufficient to support the jury's verdict, it is necessary to discuss the evidence to some extent. The oral testimony of 26 witnesses covers 392 pages, and we do not deem it necessary to give a resumé of all the evidence. These witnesses, by their long acquaintance and their association with I. P. Jones, were qualified to express their opinions as to his mental condition. These opinions vary from statements that I. P. Jones was possessed of a strong mind; was not easily influenced, and was mentally capable of managing his affairs, to statements that: for the past few years prior to his death his mind grew weaker all the time; he grew mentally and physically weaker, and could not transact his business; he could not remember; his mind would wander; he would not know if he signed a deed; would not know what he was doing; would tell things that happened that day and say it happened thirty years ago; one witness said: "From December 1943, to May 1944, his mental condition was bad; his condition grew worse, and he did not think he could transact his business." Mrs. Dora Jones said she came to her father's house one morning and he asked, "Who are you"; that he did not remember her, and he was awfully weak.

Clearly a jury question was presented as to the mental capacity of I. P. Jones at the time he executed the deed to Mrs. Jones, and the jury having found he did not have mental capacity sufficient to understand he was conveying the land to Mrs. Jones, to know and understand the nature of the transaction, and to execute the deed, we are not in position to say the evidence is not sufficient to support the verdict. Pryor v. Awbrey, Tex.Civ.App., 165 S.W. 2d 214, error ref. W. M. We overrule point 2.

It is well established in this State that the mental incapacity of the grantor renders a deed voidable, and when such incapacity is legally established to have existed at the time of the execution of the

deed, the transaction is vitiated. Smith v. Thornhill, Tex.Com.App., 25 S.W.2d 597. The incompetency of I. P. Jones having been established, no title to the 168 acres of land passed to Mrs. Myrtle Jones by the deed, for she held the title subject to the right of the heirs of I. P. Jones to cancel the deed by establishing his incapacity. Neither did Opal Lea Gossett, as Mrs. Myrtle Jones' grantee, acquire title as an innocent purchaser. Mitchell v. Inman, Tex.Civ.App., 156 S.W. 290, error ref.; Lewis v. Blount, Tex.Civ.App., 139 S.W. 7; Wright v. Matthews, Tex.Civ.App., 130 S.W.2d 413, error dis. C. J.

■ Appellants entered pleas of not guilty and general denials to appellees' cause of action, and neither of them testified at the trial. No requests for jury findings were made and no claim of right is asserted by them, or either of them, by virtue of the provisions of Art. 5561a, Vernon's Ann.Civ.St. For these reasons they are not in position to claim a right to be restored to their original position. Pryor v. Awbrey, supra. Point 1 is overruled.

The judgment of the trial court is affirmed.

Affirmed.