## BYARS v. JOHNSON et al.
### No. 2662.

Court of Civil Appeals of Texas. Eastland.
July 16, 1948.

Rehearing Denied Sept. 10, 1948.

Dibrell, South & Snodgrass, of Coleman, for appellant.

A. E. Nabors, of Brownwood, and John O. Harris, of Coleman, for appellees.

LONG, Justice.

The parties will be designated here as in the trial court. Plaintiff Rodney L. Byars sued Stella E. Johnson, John M. Johnson and Lenard S. Johnson for partition of 472 acres of land in Coleman County, alleging that he was the owner of an undivided 190½ acres interest and that said defendants are the owners of the remaining interest in said tract of land. Defendants Stella E. Johnson, John M. Johnson and Lenard S. Johnson impleaded as necessary parties, Illene Waggoner and husband, Wayne Waggoner, C. V. Bays, Jr., W. M. Bays, Raymond L. Bays and Eliza J. Johnson, alleging that they were necessary parties. Cross defendant Eliza J. Johnson disclaimed any interest in the land. Defendants Stella E. Johnson, John M. Johnson and Lenard S. Johnson, joined by cross defendants C. V. Bays, Jr., and Raymond L. Bays, by amended original answer and cross action, alleged that the deeds from Eliza J. Johnson to Daisye Byars (mother of Rodney L. Byars) were without consideration and were obtained through undue influence and that Eliza J. Johnson was mentally incompetent to execute such deeds. Upon a trial before the court with the aid of a jury, judgment was rendered denying the partition upon the ground that the plaintiff had no present interest in the land and cancelling and holding for naught the deeds from Eliza J. Johnson to Mrs. Byars. Plaintiff has appealed.

The property involved was the community property of Eliza Jane Johnson and her husband, E. H. Johnson, deceased. E. H. Johnson died March 9, 1919, and left surviving him his widow and four children, John, Will, Annie and Daisye. All of said children are dead. Annie died January 21, 1934, survived by three sons, Clyde V., Wilma and Raymond Bays. Her son Clyde V. is dead and is survived by his son Clyde Bays, Jr. Will Johnson left two children, Otein and Maybelle. Daisye left two children, Illene Waggoner and Rodney L. Byars, the plaintiff here. John was survived by his widow, Stella E. Johnson and two sons, Lenard and J. M.

John, by deeds of different dates, acquired the interests of all the other heirs in the land which they inherited from E. H. Johnson. On April 30, 1936, Eliza Jane Johnson, by deed conveyed to Daisye Byars all of her interest in the land, retaining the use thereof during her life. Thereafter, on March 16, 1945, Mrs. Johnson conveyed to Mrs. Byars by deed all of her interest in the land without any reservation whatsoever. Daisye Byars left a will in which she bequeathed the land to her two children, Rodney and Illene. Rodney afterwards, by deed, acquired the interest of Illene in the land.

Eliza Jane Johnson filed an answer and a disclaimer as follows:

"Now comes Mrs. Eliza J. Johnson, defendant on cross action filed by Stella E. Johnson et al, and for answer herein respectfully represents to the court as follows; to-wit:

"One. During the marriage of my husband, E. H. Johnson and myself, he acquired by deeds 472 acres of land in the James O. Butler Survey No. 214 about ten miles south of Santa Anna in Coleman County, Texas. My husband died intestate and his one-half (½) interest in the property descended by operation of law to his descendants among whom was our son, John W. Johnson, former husband of Stella E. Johnson, one of the original defendants in this suit. I resided on the farm with my son and his family for several years after my husband's death and was drawing a Confederate Widow's pension.

"Sometime before April, 1936, I left the farm and moved down to Blanco in Blanco County to live with my only surviving daughter, Daisye Byars, wife of A. F. Byars, and I decided to give my daughter my interest in the 472 acres of land in Coleman County, keeping for myself, however, the use and revenues from my interest in the farm during my lifetime, and therefore, instructed Mr. P. T. Brigham who was connected with the bank at Blanco and also the leading lawyer, if not the only lawyer down there, to prepare a deed for me to execute to my daughter, Daisye Byars, reserving a like estate to myself and conveying my interest in the land to Daisye. I did not have any papers with me that gave a complete description of the land, but Mr. Brigham prepared a deed which on the 30th day of April, 1936, I signed and acknowledged before him, conveying all of my remaining interest in that certain tract of land conveyed to my husband, E. H. Johnson and myself or either of us, by deed from George Harrison and wife in the year 1891, estimated to contain 436 acres, situated about 10 miles south of Santa Anna, Texas, on the Old Public Road from Santa Anna, to Brady and this deed was delivered to my daughter, Daisye Byars, and recorded sometime in 1936. After I had lived with my daughter, Daisye Byars for nearly ten years or more and I was 95 years old, and had had trouble collecting any rent from the land, I decided to make an absolute fee simple deed to her and had my son-in-law, A. F. Byars, to see Mr. Brigham and have him prepare a deed giving a more correct description of the land and conveying my interest in the 400 acres of land in the James O. Butler Survey No. 214 conveyed to my husband, E. H. Johnson by J. M. Harrison by deed dated September 19, 1892, recorded in Book R. page 395, Deed Records of Coleman County, Texas, and 72 acres out of the Butler Survey No. 214 conveyed to E. H. Johnson and W. S. Johnson by John W. Johnson November 14, 1904, by deed recorded in Volume 55, page 574 of the Deed Records and conveying to Daisye Byars all of the interest ever held by me in said two tracts of land.

"This deed was a fee simple deed and was executed and acknowledged by me the 16th day of May, 1945, and my mark was witnessed by Mrs. Mabel Cage and Mrs. Dilla Moore at my request and deed was acknowledged by me the same day before A. O. Wolf, Justice of the Peace of Precinct No. 4 and ex officio notary public of Blanco County. This deed was promptly filed for record and recorded in Coleman County Deed Records. I intended by that conveyance to pass all of my title by said deed to my daughter, Daisye Byars and when I executed said deed, I knew exactly what I was doing and did it because I wanted Daisye to have my interest in the land. I had sold and conveyed to J. W. Johnson by deed of date January 10, 1928, 45½ acres undivided interest in said 472 acres of land but had not sold any other interest but did convey all my other interest by that deed to my daughter, Daisye Byars.

"A few weeks after I conveyed this land to Daisye Byars, she died at Blanco, Texas, and I understand left a will by which she gave her interest in this land in Coleman County to her daughter and her son and I am reliably informed that the daughter and husband have conveyed their interest in the land to the son, Rodney L. Byars, who is the plaintiff in this case. I, therefore, have and assert no claim or interest in the land in controversy in this suit and I here now file and enter herein my written disclaimer to any right, title and interest or claim in and to the land in controversy (in favor of my grandson, the Plaintiff, Rodney L. Byars,) and respectfully pray the court that I go hence with my costs.

"Mrs. Eliza J. Johnson (X) Her Mark

"Subscribed and sworn to before me by Eliza J. Johnson at Austin, Texas, this 5 day of March, A. D., 1947. In Testimony whereof witness my official hand and seal of office.

      "George W. Parsons (Seal)
      "Notary Public in and for Travis
      County, Texas.
"Witnesses:
    "Mrs. Emma A. Brown
    "Mrs. Myrtle M. Summerow."

Defendants excepted to all of the answer of Mrs. Johnson except the following portion thereof:

"I, therefore, have and assert no claim or interest in the land in controversy in this suit and herein now file and enter my written disclaimer to any right, title and interest or claim in and to the land in controversy * * *."

The grounds for such exception being that it was an attempt on the part of the defendant, Eliza Jane Johnson to plead ex parte evidence and further, because such allegations were immaterial, irrelevant, prejudicial and did not constitute any defense to defendants' cross action. The court sustained said exception. The plaintiff excepted to the action of the court and presents this in his first point of error.

It is our conclusion that the court did not err in sustaining the exception. From a reading of that portion of the disclaimer, which was stricken, it will be seen that it contains many ex parte statements of Mrs. Johnson and if the court had allowed the same to be read to the jury, it would have in all probability been considered by the jury as evidence. Mrs. Johnson testified by deposition and the plaintiff was accorded an opportunity to prove by her all competent and admissible facts within her knowledge bearing upon the issues involved. The defendants had no opportunity to cross examine Mrs. Johnson relative to the statements she made in the disclaimer. It is our further opinion that the trial court was correct in striking from the answer the statement following the disclaimer:

" * * * in favor of my grandson, the plaintiff, Rodney L. Byars * * *."

If Mrs. Johnson claimed no interest in the land it would have been improper to have allowed her to attempt to influence the court and jury as to the outcome of the case by saying which side of the controversy she favored. The point as presented, is overruled.

By other points, the plaintiff challenges the sufficiency of the evidence to support the finding of the jury that Mrs. Eliza J.

Johnson was mentally incompetent to execute the deeds conveying the land in question to Mrs. Byars. Mrs. Eliza J. Johnson executed two deeds to her daughter, Mrs. Byars, the first in 1936, the other in 1945. At the time of the execution of the first deed, Mrs. Johnson was 86 years of age and at the time of the execution of the second she was 95 years old.

In about the year 1941, Mrs. Johnson fell and fractured her hip. It was the opinion of the doctors that she would not survive such injury and they made no attempt to set the fracture. They prescribed for her what is called by the witnesses "rest medicine" and throughout the years thereafter, Mrs. Johnson used such rest medicine regularly. In other words, she became addicted to the use of narcotics.

After the death of her husband in 1919, Mrs. Johnson lived with her daughter, Mrs. Bays at Santa Anna from 1919 to 1933. Just before the death of Mrs. Bays in 1934, Mrs. Johnson was taken to the home of her son, John, where she lived until April, 1936. She then went to the home of her daughter, Mrs. Byars at Blanco and lived until June, 1945, at which time she was taken to the State Hospital for the Insane at Austin. She remained in such hospital for treatment for about 90 days and was then removed to the Confederate Home at Austin.

■ The defendants offered many witnesses that had known Mrs. Johnson over a long period of years. Some of them had been her neighbors and had had occasion to observe her conduct and demeanor. These witnesses detailed facts and circumstances upon which they based their opinion that Mrs. Johnson was of unsound mind prior to 1936 and on down to the date of the trial. From the time Mrs. Johnson received the fracture of her hip, she was practically an invalid and confined to her bed all of the time. Her hearing was badly impaired. It was necessary for people who conversed with her to place their mouths against her ear and shout in order to make her understand. Within a few weeks after she executed the last deed to Mrs. Byars, Mrs.

Johnson was committed to the insane asylum under a 90 day order for treatment for mental illness. After the execution of the last deed, in conversation with friends and members of the family, she told them that she still owned the land in Coleman County. There is much evidence from witnesses for the plaintiff that her mind was sound during all of the years. However, it is our considered opinion that when the evidence is viewed in its most favorable light to the defendants, disregarding all evidence to the contrary and all conflicts therein, as we are required to do, that it is sufficient to support the finding of the jury that Mrs. Johnson was of unsound mind at the time she executed the deeds to the land. Pryor v. Awbrey, Tex.Civ.App., 165 S.W.2d 214; Chambers v. Winn, 137 Tex. 444, 154 S.W.2d 454; Jones et al. v. Lind et al., Tex.Civ.App., 211 S.W.2d 587.

■ The deed from Eliza J. Johnson to Daisye Byars dated April 30, 1936 did not contain a sufficient description of the land to constitute a valid conveyance. The deed described the land as being situated in the County of Coleman, State of Texas and "being all my interest remaining in and to that certain tract of land conveyed to my husband, E. H. Johnson and myself, or to either of us by a deed from George Harrison and wife or from the said George Harrison in about the year 1891; said tract as conveyed being said deed containing in the aggregate about 456 acres more or less, and which said land is situated about 10 miles south of Santa Anna, Texas, on the public road from Santa Anna to Brady (old road) and the interest hereby conveyed does and shall be equal to as much as 172 acres of land more or less, it being intended hereby to convey, and I do hereby convey my entire interest in said tract as originally conveyed to my deceased husband and myself as above set out, said deed being made a part hereof for all pertinent purposes of description of said land."

E. H. Johnson and Mrs. Johnson received no deed from George Harrison. They did purchase from J. M. Harrison 400 acres of land. The description further states that the deed from George Harrison is dated

1891 while the deed from J. M. Harrison is dated September 19, 1898. The description further says that the land is situated about 10 miles south of Santa Anna, Texas, on the public road from Santa Anna to Brady. It does not say on which side of the road it is located; it does not say whether the land lies partly on one side and partly on the other side of the road. It is our conclusion that the description is insufficient and does not satisfy the requirements of the law because of its indefiniteness. Matney v. Odom, Tex.Sup., 210 S.W.2d 980.

Plaintiff relied upon the two deeds from Mrs. Johnson to Mrs. Byars for his title to an interest in the land in question. As has been stated, the deed dated April 30, 1936, is void because of an insufficient description of the land. Further, said deed is void because of the finding of the jury that Mrs. Johnson at that time was of unsound mind. The last deed of date March 16, 1945 is void because of the jury finding that Mrs. Johnson was at that time of unsound mind. The trial court correctly concluded that plaintiff had no present interest in the land and, therefore, was not entitled to a partition thereof.

In view of our holding that the evidence is sufficient to support the jury findings that Mrs. Johnson at the time she executed the deeds was of unsound mind, we deem it unnecessary to pass upon the points, challenging the sufficiency of the evidence to support the findings of the jury that the deeds were obtained by undue influence. This is also true as to the points in which it is contended the evidence is insufficient to support the findings of the jury that Mrs. Johnson knew of and agreed for her son John Johnson to buy the expectancies of Otein and Maybelle Johnson and John Johnson relied upon such agreement in purchasing such expectancies. All other points raised have been considered and are hereby expressly overruled.

We find no reversible error in the record and the judgment of the trial court is accordingly affirmed.