Hyman E. FINGER et al., Appellants,

v.

The HOME INSURANCE COMPANY OF NEW YORK et al., Appellees.

No. 14378.

Court of Civil Appeals of Texas.

Houston.

May 28, 1964.

Rehearing Denied June 18, 1964.

Baker, Botts, Shepherd & Coates, Walter E. Workman, Houston, for appellant.

Bryan & Patton, Chilton Bryan, Julietta Jarvis, Houston, for appellees Home Ins. Co., North British & Mercantile Ins. Co. Ltd., and Fidelity and Guaranty Ins. Underwriters, Inc.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles D. Boston, Houston, for appellees Pacific Indemnity Co. and Niagara Fire Ins. Co.

Oldham and Lorance, Tom Lorance, Houston, for appellee Northwestern Mut. Ins. Co.

COLEMAN, Justice.

This is an appeal from a summary judgment. The basis of appellees' motions for summary judgment is that appellants knew before the date of the fire in question that a change in the ownership of the property insured had taken place and that they failed to give notice of such change to appellees. If this allegation is correct, there is no controversy but that appellees are relieved of liability by reason of certain provisions in the insurance policies involved. In their petition appellants alleged that they did in fact notify the defendants, through their agents, that a change in ownership of the property had occurred. Appellees supported their motion for summary judgment with an affidavit denying notice. Both parties rely on deposition testimony.

Appellants owned a promissory note on a tourist court, secured by a deed of trust. The premises were insured in a greater amount than could be secured from one company. The risk was divided among a number of companies. Appellants purchased the greater part of the insurance through the Mulloy Insurance Agency represented by Henry Brand.

The appellees do not occupy identical positions. The Home Insurance Company of New York, The Pacific Indemnity Company, The Niagara Fire Insurance Company, and the North British & Mercantile Insurance Company, Ltd., are represented in Houston, Texas by the local recording agency of Lopp-Kilpatrick & Styner, and particularly by Parker S. Presley of that firm.

David W. Barg represented appellants in dealing with all of the insurance companies. He purchased one policy from Northwestern Mutual Insurance Company through their local recording agent, Lundy's Insurance Agency. The other insurance company involved is the Fidelity & Guaranty Insurance Underwriters, Inc., whose agent was Robertson Insurance Agency. Barg testified that he notified only Lundy's Insurance Agency and Mulloy Insurance Agency of the sale to Hastings B. Meadows prior to the fire. There is no testimony that appellants gave notice to any of the companies other than through Barg. No evidence was presented that notice was given Fidelity & Guaranty Insurance Company. The summary judgment was properly granted insofar as it concerns this company. There was clearly raised an issue of fact as to whether notice was given to Lundy's Insurance Agency and the summary judgment in favor of Northwestern Mutual Insurance Company must be reversed.

Appellants contend that the evidence raises an issue of fact as to whether Brand was an agent of the other companies. Barg placed the order for the insurance with Brand, who arranged with Presley for the insurance to be placed in companies represented by him. Barg had no dealings with Presley. The premium was paid to Brand, who forwarded it to Presley deducting one-half of the agent's commission, which was the usual brokerage fee. The policies were sent to Brand, who delivered them to Barg. It is undisputed that the companies had no contract with Brand and no knowledge that he was involved in the transaction other than that imputed to them by reason of the fact that Presley was their agent. There is no evidence that Barg knew that Brand placed the insurance with companies he did not represent as local recording agent. Brand had no actual authority to represent these companies, and testified to facts showing that he was, in this transaction, merely an independent broker.

There is evidence, however, that after he was notified of the change in ownership,

Brand had several conversations with Presley concerning the fact that one of the companies desired to reduce the amount of its coverage, and the necessity of placing a policy with another company. This policy was written in the North British Company effective October 5, 1961. The fire occurred October 12, 1961. After testifying that he did not notify Presley of the change in ownership prior to the fire, Brand stated that Presley probably learned about the change in ownership from him in one of the telephone conversations. Later he testified that he did not tell Presley who the new owner was, or instruct him to change the policy. He also stated that the telephone conversations might have been after the fire. Generally his testimony on this point might be characterized as being vague and unsatisfactory. The equivocal nature of his testimony, perhaps, was caused by being confronted with a memorandum of insurance issued by the North British Company bearing the date of the original policy, which showed Meadows as the insured. The original policy was issued to Lee W. Sharpless. Presley testified unequivocally that he had no knowledge from any source of the change in ownership. His testimony is unimpeached.

The burden rested on appellees to prove conclusively that they had no notice of the change in ownership. Non-compliance with conditions subsequent constitutes a matter of defense. Blue Bonnet Life Ins. Co. v. Reynolds, Tex.Civ.App., 150 S.W.2d 372, error ref.; Continental Ins. Co. of New York v. Nabors, Tex.Civ.App., 6 S.W.2d 151, error ref.

The burden of proving that there is no genuine issue as to any material fact rests upon appellees, and all doubts as to the existence of such an issue must be resolved against them. If the judgment must rest on the testimony of an interested witness and is of such a nature that it cannot be readily contradicted if untrue, an issue relating to the credibility of the witness is presented, and summary judgment is improper. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Taylor & Son, Inc. v. Arlington Ind. School Dist., Tex.Sup., 335 S.W.2d 371.

Presley was an interested witness. The testimony of Brand indicates that his memory concerning his conversations with Presley is dim. No one else would be in a position to give testimony concerning the telephone conversations. Presley's testimony was not readily subject to contradiction. His testimony, therefore, does not conclusively establish the fact, but merely raises an issue of fact for determination by the court or jury. Taylor v. Arlington Ind. School Dist., supra. The trial court erred in granting a summary judgment to this group of appellees.

The judgment of the trial court is affirmed as to Fidelity & Guaranty Insurance Company, and is reversed as to all other parties and remanded for further proceedings.