**Mrs. Tempie HUMPHRIES et al., Appellants,**

**v.**

**Mrs. Lucy KIRKLEY et al., Appellees.**

**No. 240.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Rehearing Denied Jan. 5, 1967.

Marion G. Holt, Nacogdoches, for appellants.

Robert G. Reeves, Reeves & Reeves, Tyler, for appellees.

MOORE, Justice.

This suit was brought by Tempie Humphries, joined by her husband, D. D. Humphries; Charlie Nabors; Lizzie Day, joined by her husband, Vollie Day, and J. E. Cooper, seeking to set aside a deed executed by their mother, Mrs. Bell Nabors, conveying approximately 58 acres of land to appellees, Lucy Kirkley and Dorothy Rowe. The appellants and the appellees are the surviving children of Bell Nabors, deceased.

Appellants allege in their petition that the deed was procured by an undue influence exercised by Lucy Kirkley and Dorothy Rowe over their mother, Mrs. Bell Nabors, and further that at the time of the execution of the deed, Mrs. Nabors was not of sound mind and not possessed of sufficient mental capacity to execute the deed.

Prior to trial appellee, Dorothy Rowe, disclaimed any interest in the land and was accordingly dismissed from the case. Appellees Lucy Kirkley and her husband, Shirley Kirkley, answered appellants' suit with a general denial.

Trial was before a jury and after appellants had introduced their testimony and rested their case, appellees made a motion for an instructed verdict on the ground that the evidence was insufficient to raise the

issue of insanity and was also insufficient to raise the issue of undue influence. The trial court granted the motion and instructed the jury to return a verdict for appellees, Lucy Kirkley and husband, Shirley Kirkley. A take-nothing judgment was accordingly entered against appellants from which they duly perfected this appeal.

Appellants have brought forward two points of error in which they assert that the trial court erred in instructing a verdict against them because (1) there was evidence of probative force raising the issue of undue influence and (2) there was evidence of probative force raising the issue of the lack of sufficient mental capacity of Mrs. Bell Nabors to execute the deed.

In determining whether it was proper for the court to take the case from the jury and render judgment, we must view the evidence in the light most favorable to appellants, the losing parties. White v. White, 1943, 141 Tex. 328, 172 S.W.2d 295. We must indulge against the action of the court every inference that may properly be drawn from the evidence, and if the record reflects any testimony of probative force in favor of the losing parties, we must hold the court's action improper. Nieto v. United States National Bank of Galveston, (Tex.Civ.App.) 384 S.W.2d 395.

The judgment does not recite upon what ground the case was withdrawn from the jury and judgment rendered, therefore we must assume that by granting appellees' motion, the court found that there was no evidence of probative force to sustain either the undue influence issue or the issue of lack of mental capacity to execute the deed. If there was any evidence of probative force upon either issue, the action of the trial court in directing the verdict was improper.

In passing upon the question of grantor's mental capacity to execute the deed, a brief review of the facts will be necessary. The undisputed facts show that at the time Mrs. Nabors signed the deed on October 13, 1965, she was 80 years of age and was confined to a nursing home. Because of her poor physical condition, she was confined to her bed and was so confined on the date she executed the deed in question. For several years prior to the time of the execution of the deed, Mrs. Nabors had been under the constant and regular care of Dr. Marjorie F. Roper, a practicing physician of Bullard, Texas. The evidence shows that she suffered from diabetes, hypertension and high blood pressure and had been treated for these diseases for many years. She died on October 23, 1965, ten days following the date of the execution of the deed in question.

For proof of the mental condition of Mrs. Nabors, appellants offered the deposition testimony of Dr. Marjorie F. Roper. Dr. Roper testified that she had treated Mrs. Nabors since 1952; that from 1957 to 1965 she had treated her regularly, and according to her records she had last seen her sometime between June the 1st and August 20th of 1965; that during the course of her treatment, she had continuously treated her for diabetes, hypertension and high blood pressure; that on the day of her last treatment, she found that her blood pressure was way up and she was in poor physical condition. That upon her last visit, she did not believe that Mrs. Nabors recognized her. As to whether or not her condition would be likely to get better or worse, Dr. Roper testified that in her opinion her condition both physically and mentally was calculated to grow worse as she became older, and that in her opinion her physical and mental condition was worse on October 13, 1965, the day she signed the deed, than it was the last time she saw her. She testified that in her opinion she was not able to transact business on October 13, 1965.

Upon cross examination, the attorneys for the appellees elicited the following testimony from Dr. Roper:

"Q. Are you now testifying in answer to the questions asked you by Mr.

Holt that in your judgment that on October 13, 1965, Mrs. Bell Nabors was of unsound mind?

"A. I would certainly assume she was. I wasn't there. I couldn't swear anything because I wasn't there.

" * * *

"Q. Are you expressing an opinion that she was of unsound mind on that date?

"A. Yes, if that is what you are asking.

"Q. That is what I am asking. Are you testifying that on October 13th, 1965, Mrs. Nabors lacked the mental capacity to understand the nature and effect of making a conveyance of her property?

"A. Knowing what I did know in the past and knowing the outcome of the thing, I would say she was not capable of making up her mind for anything.

" * * *

"Q. Would it be your testimony that just knowing a person is old and feeble, that it would follow from that, that he or she would not know how to transact their business affairs?

"A. I don't deal in generalities. In this particular case, I don't think she was capable of transacting her affairs, from what I knew about her is all I can say."

■ When viewed in a light most favorable to the appellants against whom the verdict was directed, we believe the testimony of Dr. Roper constitutes ample evidence of probative force sufficient to raise the issue of Mrs. Nabors' mental capacity to execute the deed on October 13, 1965. Self v. Becker, (Tex.Civ.App.) 195 S.W.2d 701. It is well settled that it is reversible error to instruct a verdict when the evidence raises any material issue. Air Conditioning, Inc. v. Harrison-Wilson-Pearson,

151 Tex. 635, 253 S.W.2d 422. Accordingly, the judgment of the trial court must be reversed and the cause remanded for another trial, unless the judgment can be sustained under appellees' counter points of error.

■ In their first counter point, appellees seek to uphold the judgment of the trial court because appellants did not offer to restore the consideration paid by appellees. They contend that the plaintiffs were obliged to do equity before being entitled to a cancellation of the deed and since they did not offer to do equity, the instructed verdict was proper. We think the point must be overruled. While there is some evidence in the record showing that the appellees paid Mrs. Nabors the sum of $2,000.00 in consideration for the deed, appellees did not plead or prove that the consideration was paid in good faith, nor did they pray for an equitable restoration. It appears that the appellees have overlooked the provisions of Article 5561a, Sec. 7, Vernon's Ann.Tex.Civ.St. Under the provisions of this statute, the burden of proof was not upon the appellants as heirs of Mrs. Bell Nabors to negative the good faith of the appellees, but the burden lay with the appellees to establish by a preponderance of the evidence that (1) they acted in good faith; (2) without fraud or imposition; (3) paid a valuable consideration; and (4) without notice of Mrs. Nabors' infirmity. Pryor v. Awbrey, (Tex.Civ.App.) 165 S.W. 2d 214; Gomez v. De Gonzales, (Tex.Civ. App.) 248 S.W.2d 268. A favorable finding to these issues would not prevent the setting aside of the deed from Mrs. Nabors to Mrs. Kirkley, but would have only required that Mrs. Kirkley be first equitably restored to her original position. Wright v. Matthews, (Tex.Civ.App.) 144 S.W.2d 367.

■ By their second counter point, appellees contend that the record conclusively shows that the court below, as well as this court, is without jurisdiction. They contend that the evidence conclusively shows

that debts were due and owing by the estate of Mrs. Nabors and therefore there was a necessity for administration. Consequently, they argue that since neither this court nor the lower court acquired jurisdiction, fundamental error is presented and that we should enter a judgment of dismissal. We do not agree with this contention.

As we view the evidence, it shows that the debts of estate had been paid. Mrs. Kirkley testified that the reason she purchased the land from her mother was to assist her in paying her debts, and the debts owed by her mother's estate had been paid.

Appellees' third counter point is without merit and is likewise overruled.

For the reasons stated, the judgment is reversed and the cause is remanded for another trial.