Pearline PERKINS, Appellant,

v.

**TEXAS NATIONAL BANK OF COMMERCE OF HOUSTON, Appellee.**

No. 15550.

*Court of Civil Appeals of Texas.*

Houston (1st Dist.).

Dec. 4, 1969.

John B. Patrick, Houston, for appellant.

Liddell, Dawson, Sapp & Zivley, Glen E. Clover, Houston, for appellee.

PEDEN, Justice.

Appeal from a summary judgment in favor of plaintiff bank in a suit on a

written agreement constituting a note and conditional sales contract. The bank obtained a deficiency judgment against the appellant, Pearline Perkins, after repossession and sale of the automobile described in the agreement.

The bank's petition was not verified. It stated that the bank was the owner and holder of a written agreement in the nature of a note and conditional sales contract executed by appellant in favor of an automobile dealer and thereafter sold and assigned to the bank. Under the agreement, a photographic copy of which was attached to the petition, appellant promised to pay 36 monthly installments of $79.67 each (a total of $2,868.12) for the automobile which she was buying. The agreement recites that a contract lien on the automobile was retained by the seller.

The petition alleged default in the payments, repossession and sale (as authorized by the agreement) and that the amount of the deficiency was $416.28. Attorney's fees were also sought.

Appellant answered by general denial. Appellee's motion for summary judgment was accompanied by another photographic copy of the agreement, marked Exhibit A, and by this supporting affidavit (omitting formal parts):

"To support the foregoing Motion of Plaintiff, Texas National Bank of Commerce of Houston, for Summary Judgment in the above cause, the undersigned affiant makes this affidavit and hereby on oath states the following:

"My name is ___Gerald C. Cain___, and I am ___Ass't Cashier___ of Texas National Bank of Commerce of Houston, which has duly authorized me in all respects to make this affidavit. I am over twenty-one years of age, have never been convicted of any felony, am fully competent to testify to the matters stated herein, and have personal knowledge of such matters. I have read the foregoing Plaintiff's Motion for Summary Judgment, and every statement of fact therein is true and correct. I am familiar with Texas National Bank of Commerce of Houston's files, books and records concerning the above cause. It is a fact that Exhibit 'A' to this Motion is a true copy of the contract upon which Plaintiff's Motion is based. It is also a fact that the automobile described in such agreement was duly repossessed on or about July 29, 1966. On or about August 5, 1966, pursuant to the agreement, Plaintiff duly sold the automobile to the highest bidder for the sum of $1,245.00. After applying all payments and credits due, the principal balance of $416.28 was left due and owing by Defendant to Plaintiff upon said contract.

/s/ Gerald C. Cain"

Appellant did not file any exceptions or other response to the motion for summary judgment or to its supporting affidavit. She admits that the motion was properly before the trial court.

We affirm the judgment of the trial court. Appellant's first point of error is that that court erred in considering the affidavit set forth above because it contained conclusions of law. In her brief she complained of the use of the word "duly" by the affiant in his statement that "the automobile described in such agreement was duly repossessed," and in oral submission to this court she also asserted that the word "repossessed" was a legal conclusion.

We consider that by using the word "duly", Cain was stating not a legal conclusion but a conclusion of fact: that the repossession had been made in a manner authorized by the agreement. Even if we considered both words to be legal conclusions, they could be excluded from the affidavit without adverse effect to the appellee. The fact that an affidavit contains both admissible and inadmissible matters does not render it entirely void. It is to be presumed from the recitations

contained in the judgment in this case that the trial court correctly received sufficient summary judgment evidence to justify his judgment and also applied the applicable law thereto. Kellum v. Pacific National Fire Insurance Co., 360 S.W.2d 538 (Dallas Tex.Civ.App.1962, writ ref. n. r. e.) and cases cited.

It would appear that the words "duly repossessed" do not involve a genuine issue of material fact, and it is clear that the word "duly" alone does not. Appellant does not contend that the automobile was wrongfully taken or that she was not given proper credit for the proceeds. The agreement in question provides that in the event of default in the payments, the seller was authorized to take possession of the automobile wherever it was found, without notice or demand, and to sell it at public or private sale. Further, the record does not reflect that she raised this point in the trial court by excepting to the affidavit or by filing a motion to strike at or prior to the hearing.

Appellant's second point states that it was error for the trial court to consider the affidavit of Gerald C. Cain insofar as it was based on hearsay: i. e., in that it contains no statement or allegation that Cain was present when the contract was signed or when the automobile in question was repossessed and sold.

█ Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand.

█ However, Cain's affidavit asserts that he has personal knowledge of the factual statements made therein. Although it might have more clearly spelled out how he gained such personal knowledge and it does not demonstrate that all the provisions of Article 3737e, Vernon's Ann. Texas Civil Statutes (the Business Records Act), have been met, neither does the record reflect that his allegation of personal knowledge nor the facts stated were challenged in the trial court, and the facts stated indicate that as assistant cashier of the bank he was probably competent to testify to them. We consider this sufficient compliance with the requirement of Rule 166–A, paragraph (e), Texas Rules of Civil Procedure, which provides that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." See Womack v. I. & H. Development Co., 433 S.W.2d 937 (Amarillo Tex.Civ.App.1968, no writ) and Pine v. Gilbraltar Savings Assoc., 427 S.W.2d 714 (Houston Tex.Civ.App. 1968, no writ).

We assume that the deficiencies now raised would have been corrected upon proper exception in the trial court. Objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material issue of fact and that the moving party is entitled to judgment as a matter of law. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962).

Further, appellant has not denied execution of the agreement under oath as specified in Rule 93(h), Texas R.C.P., so its execution is not in issue.

█ Appellant's third and last point of error alleges that the bank's motion and supporting affidavit were insufficient at law to state a cause of action. The only basis for this point in addition to those raised by appellant's other two points is that appellant says appellee failed to comply with the requirement of Rule 166–A, paragraph (e) that sworn or certified copies of all papers of parts thereof referred to in an affidavit shall be attached thereto or served therewith. Appellant apparently contends that it was necessary for the agreement itself to bear the verifi-

cation. We hold that the bank's affidavit complies with the requirement of the rule in that the transcript reflects that the verification was supplied in the affidavit attached to the agreement. Alexander v. Houston Oil Field Material Co., 386 S.W.2d 540 (Tyler Tex.Civ.App.1965, writ ref. n. r. e.), Rothchild v. Fannin Bank, 407 S.W.2d 878 (Texarkana Tex.Civ.App. 1966, writ ref. n. r. e.), Rice v. Tuscon Credit Union, 413 S.W.2d 833 (Texarkana Tex.Civ.App.1967, no writ).

Further, it was clear that the copies of the agreement attached to the bank's petition and motion for summary judgment were relied on by the bank in urging, and on the trial court in granting, the motion for summary judgment. The objection to the defect, if any there was, should have been raised in the trial court and is waived. Youngstown Sheet & Tube Co. v. Penn, supra; Lobit v. Crouch, 293 S.W.2d 110 (Austin Tex.Civ.App.1956, writ ref. n. r. e.).

The judgment of the trial court is affirmed.