Virginia NICK, Guardian of the Estate of
Peter F. Lucas, Appellant,

v.

COLONIAL NATIONAL BANK OF
GARLAND, Appellee.

No. 18476.

Court of Civil Appeals of Texas,
Dallas.

Dec. 19, 1974.

Emily A. Parker, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

George M. McDonald, Kelsoe & Paternostro, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Colonial National Bank of Garland sued Virginia Nick, guardian of the estate of Peter F. Lucas, and Capital K Investment Corporation, seeking to recover upon a promissory note executed by both Lucas and the corporation. Plaintiff bank filed its original and amended motion for summary judgment. The guardian of the estate of Peter F. Lucas filed a sworn response to the motion with supporting affidavits. Capital K Investment Corporation did not oppose the motion. The trial court sustained the motion and entered a final judgment in the principal amount of the note, plus interest and attorney fees, against Lucas's estate and Capital K Investment Corporation, jointly and severally. Only the guardian appeals from this judgment.

We reverse the judgment as to the estate of Lucas for the reason that the record reveals genuine issues of material fact as to the mental capacity of Lucas as well as knowledge of incompetency and good faith on the part of the bank.

Some facts are not disputed. On February 21, 1973, Peter F. Lucas and Capital K Investment Corporation executed a promissory note payable to Colonial National Bank of Garland in the principal sum of $90,000 payable in two installments of $45,000 each on August 22, 1973, and February 20, 1974, with interest at the rate of 10% per annum and attorney fees. The note was secured by a first lien created by a deed of trust on certain real property located in Liberty County, Texas.

Peter F. Lucas was declared mentally incompetent by the Probate Court of Dallas County, Texas, in June 1973, and Virginia Nick was appointed guardian of his estate.

When the first installment of the note became due and was not paid, the bank exercised its option and declared the entire amount of the note due and payable. Suit was instituted to recover the amount of the note, plus interest and attorney fees. The bank, in its first amended original petition, alleged that it had taken the necessary action for the sale of the property held as collateral in accordance with the terms of the deed of trust and alleged that it "now holds and possesses and is the owner of a trustee's deed to said property . . . ." In its prayer the bank sought a judgment against the defendants in the amount of the deficiency owing upon the note after application of the proceeds from the sale of the property under the deed of trust. Following the hearing on the motion the court sustained the same and entered a joint and several judgment against both defendants without application of the proceeds of the sale of the property securing the note.

As in all cases involving the propriety of the action of the trial court in sustaining a motion for summary judgment the primary question presented is whether there is an issue or issues of material fact which must be decided by a trier of facts. Unless it can be said that the summary-judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action the motion must be overruled. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). In Johnson v. Floyd West & Co., 437 S.W.2d 298, 301 (Tex.Civ.App.—Dallas 1969, no writ), we had occasion to enumerate the seven basic and well-recognized rules to be applied in resolving the question of validity of a summary judgment granted pursuant to the terms of Texas Rules of Civil Procedure, rule 166–A. We apply these rules to resolve the question presented.

■ In her first point of error appellant guardian contends that the summary-judgment evidence before the trial court presents an issue of fact concerning the mental capacity of Peter F. Lucas to execute the promissory note. We agree and sustain this point.

In support of its motion for summary judgment the appellee bank filed an affidavit of Walter H. Beach, Jr., its vice president, in which he identified the original note which had been executed by Lucas and Capital K. In response to this motion appellant guardian presented the affidavit of Dr. Larry E. Tripp in which he stated that he was a medical doctor duly licensed to practice medicine in the state of Texas and specializing in the practice of psychiatry in the department of out-patient psychiatry at Timberlawn Psychiatric Hospital in Dallas, Texas. He testified that on May 19, 1973, he saw and examined Peter F. Lucas. He said that his examination and evaluation revealed that Mr. Lucas was suffering from "an organic brain syndrome of moderate degree which is secondary to arteriosclerotic cerebrovascular disease." Dr. Tripp stated that his medical and psychiatric opinion was that "Mr. Lucas has been of unsound mind to the extent that he was and is mentally incapable of understanding and handling his business affairs and acting rationally in the ordinary management of such affairs as well as the handling and management of his estate," and that such condition has existed since at least January 1, 1973.

Appellee attempts to discredit the effect of Dr. Tripp's affidavit by contending that (1) the doctor is not shown to be qualified to express an opinion, and (2) that such opinion evidence is shown to have been based, in part, on hearsay. We find no merit in either of these contentions. It is commonly known that a psychiatrist is one who specializes in the treatment of mental, emotional, and behavioural disorders. In Adamson v. Burgle, 186 S.W.2d 388 (Tex.

Civ.App.-San Antonio 1945, writ ref'd w. o. m.), the court held the testimony of a psychiatrist to be admissible as an expert opinion regarding the mental capacity of a person to execute a document and that such testimony did not involve a legal conclusion. In that case it is interesting to note that the doctor testified that he saw the patient in January 1931, and that in his opinion, the person had been sick mentally for two years prior to that date, which was the date of the execution of the document in question.

■ In his affidavit Dr. Tripp states that he discussed Mr. Lucas's mental condition with another person but there is no statement on his part that he based his professional opinion upon what was said by such other person. Even if the doctor's testimony was based in part on hearsay such would not render his entire testimony inadmissible. Kellum v. Pacific Nat'l Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App.-Dallas 1962, writ ref'd n. r. e.) and Perkins v. Texas Nat'l Bank of Commerce, 448 S.W.2d 725 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ). When we view the summary-judgment evidence in the light most favorable to · the appellant guardian, as we are required to do, we conclude and so find that the professional opinion of Dr. Tripp would be admissible as evidence to establish the mental incompetency of Lucas at the time of execution of the promissory note.

Appellee bank, however, takes the position that pursuant to the provision of Vernon's Tex.Rev.Civ.Stat.Ann. art. 5561a, § 7 (Supp.1974), it is entitled to the summary judgment even though there might possibly be an issue of fact concerning the mental competency of Lucas at the time of the execution of the note.

Tex.Rev.Civ.Stat.Ann. art. 5561a, § 7 (Supp.1974) provides:

A contract valid on its face, made with, or likewise a conveyance made by

a person, who at the time has not been legally adjudged to be of unsound mind, or otherwise incompetent, and who is subsequently shown to have been insane, or otherwise incompetent, at the time of the execution of such contract or conveyance, shall not be set aside or avoided where any such contract or conveyance has been executed in good faith in whole or in part, and was entered into in good faith without fraud or imposition and for a valuable consideration, without notice of such infirmity, unless the parties to such contract or conveyance shall have been first equitably restored to their original position.

The bank argues that because of the affidavit of its vice president, Mr. Beach, it is clear that the contract had been executed in good faith without notice of Mr. Lucas's infirmity and, therefore, it is entitled to relief under the statute. In the affidavit, Mr. Beach states that at the time of the application for the loan Mr. Lucas, "was absolutely coherent and had no mental or physical problems . . . . He was perfectly normal in all respects and in full possession of his faculties and was certainly astute in regard to the business loan and transaction. . . ."

 We cannot agree with appellee. The burden of proof was upon the bank to establish that it had acted in good faith and had paid valuable consideration without notice of Mr. Lucas's infirmity. The burden of proof was not upon appellant guardian to negative the bank's good faith. Humphries v. Kirkley, 410 S.W.2d 196, 199 (Tex.Civ.App.-Tyler 1966, no writ); Gomez v. De Gonzales, 248 S.W.2d 268, 270 (Tex.Civ.App.-San Antonio 1952, no writ); Pryor v. Awbrey, 165 S.W.2d 214, 217 (Tex.Civ.App.-Fort Worth 1942, writ ref'd w. o. m.). The appellee's burden was not satisfied by the affidavit of Mr. Beach, vice president and loan officer of the bank. Obviously, Mr. Beach, occupies the status of an interested witness, and, therefore, his testimony cannot support a summary judgment unless it is so clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965). An issue relative to the credibility of the witness is presented if the testimony is of such a nature that it cannot be readily contradicted if untrue. James T. Taylor and Son, Inc. v. Arlington Ind. Sch. Dist., 160 Tex. 617, 335 S.W.2d 371, 376 (1960); Finger v. Home Ins. Co., 379 S.W.2d 950, 952 (Tex. Civ.App.-Houston 1964, no writ). It is apparent that the guardian in this case cannot readily contradict the testimony of Mr. Beach regarding the circumstances surrounding the execution of the promissory note because Mr. Lucas's present incompetency precludes him from testifying. Accordingly, we sustain appellant's third point of error which challenges the summary judgment based upon the testimony of an interested witness.

Since the case must be reversed for the reasons above stated, we need not pass upon nor discuss the points brought forward concerning the question of consideration and amount of damages.

The judgment of the trial court rendered against Capital K will be undisturbed. The judgment rendered against Virginia Nick, as guardian of the estate of Peter F. Lucas is reversed and remanded.